Robert C. DAVIS, Plaintiff and Appellant,

v.

David E. ROBINSON, in his individual capacity as Director of the Division of Occupational & Professional Licensing of the Department of Business Regulation; the Division of Occupational & Professional Licensing at the Department of Business Regulation, State of Utah; the Utah Medical Licensing Board; and Paul Van Dam, in his capacity as Attorney General for the State of Utah, Defendants and Appellees.

No. 930324–CA.

Court of Appeals of Utah.

March 11, 1994.

Robert C. Davis, pro se.

Jan Graham and Elizabeth King, Salt Lake City, for appellees.

Before GREENWOOD, BILLINGS and ORME, JJ.

## OPINION

PER CURIAM:

Appellant Robert C. Davis appeals from the dismissal of his complaint against the Division of Occupational and Professional Licensing (Division), and related individuals and entities, seeking a declaratory judgment and an order enjoining disciplinary proceedings. We affirm.

In December 1989, the Division initiated proceedings against Davis, a medical doctor licensed to practice in Utah, for alleged violations of the Medical Practice Act, Utah Code Ann. § 58–12–26 to –44 (1990 & Supp.1993). Davis challenged the proceedings, asserting that the statutes under which the Division was proceeding were unconstitutional on their face and as applied to him. An administrative law judge declined to rule on the constitutional claim, concluding that he did not have jurisdiction to determine whether the statutes were unconstitutional on their face, although it was not inappropriate for Davis to raise the issue "for purposes of preserving it . . . for judicial review or independent action before any other court." In November 1991, Davis filed a complaint in district court under the Declaratory Judgments Act, Utah Code Ann. § 78–33–1 to –13 (1992), seeking a determination that the statutory provisions were unconstitutional on their face and as applied to him. The district court dismissed the complaint, ruling that "plaintiff should pursue his remedies in the administrative proceeding and if it becomes necessary to address the constitutional issue then it can be done so in the appropriate manner." Davis appealed from this dismissal.

On June 29, 1993, the Physician's Licensing Board of the Division issued its Findings of Fact, Conclusions of Law, and Recommended Order, recommending the revocation of Davis's license. In an order dated July 7, 1993, the Executive Director of the Department of Commerce adopted the Findings of Fact, Conclusions of Law and Recommended Order, and ordered the immediate revocation of Davis's license. On July 20, 1993, appellees filed a suggestion of mootness in this appeal. This court declined to dismiss the appeal as moot. Davis has not filed a petition for review in this court seeking review of the July 7, 1993 order, which constituted the final agency action.

In this appeal, Davis contends that the district court erred in dismissing his complaint for declaratory judgment. He claims that he should have been exempted from the exhaustion requirement under Utah Code Ann. § 63–46b–14(2)(b) (1993), which allows a court to relieve a party from the exhaustion requirement if the "administrative remedies are inadequate."

Utah Code Ann. § 63–46b–16(4) (1993) of the Utah Administrative Procedures Act (UAPA) provides for judicial review of final agency action resulting from formal adjudicatory proceedings. That section provides, in relevant part:

The appellate court shall grant relief only if, on the basis of the agency's record, it determines that a person seeking judicial review has been substantially prejudiced by any of the following:

(a) the agency action, or the statute or rule on which the agency action is based, is unconstitutional on its face or as applied,

. . . .

(e) the agency has engaged in an unlawful procedure or decision-making process, or has failed to follow the prescribed procedure,

(f) the persons taking the agency action were illegally constituted as a decision-making body or were subject to disqualification,

. . . .

(h) the agency action is:

. . . .

(iv) otherwise arbitrary and capricious.

Utah Code Ann. § 63–46b–16(4) (1993).

The provisions of section 63–46b–16(4) are expansive enough to allow the court review-

ing the final agency action to consider each of the claims Davis attempted to raise in district court. The court shall grant relief to a party who successfully asserts a claim under section 63–46b–16(4). Davis contends that his remedies are inadequate based upon the administrative law judge's refusal to rule upon the facial challenge to the Utah Medical Practice Act. However, Davis preserved the claim for the final step in exhausting his remedies under UAPA, namely judicial review as of right by this court, by raising it in the agency proceedings. His remedy was to petition for judicial review of the final agency action. Because the provisions of UAPA provide an adequate means for review of each of Davis's claims, the trial court did not err in dismissing the declaratory judgment complaint based upon Davis's failure to exhaust his administrative remedies.